EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOAQUÍN IRIZARRY CANDELARIA, acusado y apelante. EL MISMO *v.* EL MISMO.

Núms. 6009 y 6010.—*Sometidos*: Diciembre 17, 1936.
*Resueltos:* Diciembre 22, 1936.

*Francisco Vizcarrondo,* abogado del apelante; *R. A. Gómez, Fiscal*
y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tri-
bunal.

El fiscal formuló dos acusaciones separadas contra Joa-
quín Irizarry Candelaria por haber infringido el artículo 328
enmendado del Código Penal. En el caso núm. 6009 se im-
puta a dicho acusado que mientras manejaba como *chauffeur*
un automóvil por la carretera pública de Santurce a Caro-
lina lo hizo en forma tal que por impericia, negligencia crasa
y descuido, consistente en correr a una velocidad exagerada,
mayor de la permitida por la ley y no reducida al encontrar
otro vehículo; en conducir ilegalmente a varias personas de
pie en los estribos del vehículo; y en haber ingerido sustan-
cia alcohólica embriagante, dejó chocar el automóvil que
guiaba con otro que estaba parado en el lado derecho de la
carretera y en dirección opuesta, causando la rotura del es-
tribo izquierdo de su carro, en el cual iba parado Pedro Reus
López de Victoria, quien recibió heridas tan graves que le
produjeron la muerte. En el caso núm. 6010 se le imputa
haber causado la muerte del individuo Francisco J. Corbella
Wolker en la misma forma.

Comenzada la vista de ambos casos ante jurado, el acu-
sado retiró su alegación de inocencia y se declaró culpable.
El jurado rindió veredicto de culpabilidad en cada uno de
los casos y la corte condenó al acusado a la pena de un año
de presidio por cada infracción. El acusado apeló de ambas
sentencias. Por tratarse de casos idénticos los resolveremos
en una sola opinión.

El acusado apelante formula como único error de la
corte el siguiente:

"La Corte de Distrito cometió error al declarar al acusado cul-
pable de infracción al Artículo 328 del Código Penal, enmendado,
por ser dicha sentencia contraria a derecho."

La argumentación que se hace en el alegato del apelante puede condensarse así:

Que el acusado había alegado su inocencia; que en el acto de la vista su abogado le aconsejó que se declarase culpable, prometiéndole que si ayudaba a la administración de justicia, se le impondría una pena insignificante; que el abogado estaba en un error con respecto al estatuto, artículo 328 del Código Penal; que el acusado, cediendo a la instancia de su abogado se declaró culpable; que el acusado tiene una buena defensa y la firme convicción de que si se hubiera celebrado la vista el jurado le hubiese absuelto; y que la mejor demostración de que la sentencia es contraria a derecho se encuentra en el siguiente párrafo de las "Consideraciones sobre la Sentencia" hechas por el juez sentenciador:

"En este caso existe la circunstancia especial de que la señora madre de uno de los interfectos, del joven Pedro Reus y López de Victoria, ha escrito a este juez una carta muy conmovedora, pidiendo compasión por este acusado a nombre de su hijo muerto y de los familiares, por entender que ya él lo ha perdonado y reconociendo que él también tuvo su parte de culpa en el hecho, porque sabía el peligro que corría en la forma en que iba agarrado al automóvil."

Se pide a nombre del apelante que se dejen sin efecto las sentencias impuestas por la corte inferior y que se ordene la celebración de nuevo juicio en cada caso. En apoyo de esta solicitud el letrado que representa al apelante ante esta corte ha presentado un "*Affidavit* de Méritos" suscrito por el abogado "que representó" al acusado en el acto de la vista. En el *affidavit* hace constar el abogado "que instruyó a su cliente que se declarase culpable, bajo la impresión de que el delito que se le imputaba aparejaba una pena máxima de dos años de cárcel y que la corte en atención a su declaración de culpabilidad le impondría uno o dos meses de cárcel; que el acusado se mostró rehacio a la declaración de culpabilidad por considerar que él no tenía responsabilidad criminal en los sucesos que motivaron las acusaciones; que la sentencia impuesta por la corte fué una sorpresa para el abogado decla-

rante, por el desconocimiento que éste tenía de la enmienda que se había hecho al artículo 328 del Código Penal; y que 'al deponente le consta de buena fe que el acusado apelante tenía una buena causa de defensa de inocencia, cuyos méritos hubieran justificado un veredicto de absolución por el jurado.' "

El error señalado carece en absoluto de fundamento y es a todas luces frívolo. Para que una sentencia sea contraria a derecho es preciso que se haya dictado en virtud de una acusación insuficiente en sus alegaciones, o que durante los procedimientos habidos antes de su pronunciamiento o en el acto de pronunciarla, la corte haya cometido algún error perjudicial a los derechos del acusado, o que la corte carezca de jurisdicción para dictarla o se haya excedido en el ejercicio de sus facultades.

██ En el caso de autos, al declararse culpable del delito que se le imputaba, el acusado admitió la suficiencia y la veracidad de las alegaciones de la acusación. No aparece que la corte cometiera error alguno durante la tramitación del proceso. Una vez hecha la declaración de culpabilidad por el acusado y rendido el veredicto por el jurado, era obligación de la corte imponer la pena. De acuerdo con el estatuto infringido por el acusado, la corte pudo haberle condenado a cinco años de presidio en cada caso; pero, teniendo en cuenta la declaración de culpabilidad, los buenos antecedentes del acusado y las súplicas de la madre de una de las víctimas, la corte le impuso solamente un año de reclusión por cada caso. No puede considerarse como excesiva la pena de un año de prisión por una infracción de ley que tuvo como consecuencia fatal la muerte de un ser humano. Si el abogado defensor no acertó en su especulación sobre la sentencia que la corte impondría si el acusado se declaraba culpable, ése no es un error imputable al tribunal sentenciador, ni puede considerarse como causa de revocación.

█ El "*Affidavit* de Méritos" presentado en este caso carece de méritos. La ignorancia de la ley por parte del

acusado no es admisible como defensa en ningún caso. Mucho menos admisible debe serlo, cuando esa ignorancia se imputa a o se acepta por el abogado defensor. La administración de justicia quedaría reducida a una simple farsa, si para conseguir la revocación de una sentencia y la celebración de un nuevo juicio bastase alegar que el abogado defensor entró a juicio y aconsejó a su cliente que se declarase culpable, sin enterarse siquiera de cuáles eran las disposiciones del estatuto cuya infracción se imputaba al acusado.

*Se confirma la sentencia en ambos casos.*

Los Jueces Señores Presidente del Toro y Asociado Córdova Dávila no intervinieron.